IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**Alexander R. Baldwin III,**

    Plaintiff,

vs.                                                    Case No. CIV-25-01052 KWR/KK

**Kari T. Morrissey, Mary Carmack-Altwies, Andrea Reeb, Jennifer Padgett Macias, The First Judicial District Attorney's Office, Alexandria Hancock, Marissa Poppell, Brian Brandle, and Santa Fe County Board of County Commissioners,**

    Defendants.

### STATE DEFENDANTS' MOTION TO DISMISS NO. II: PLAINTIFF'S §1983 CLAIMS AGAINST THE FIRST JUDICIAL DISTRICT ATTORNEY'S OFFICE AND THE INDIVIDUAL STATE DEFENDANTS IN THEIR OFFICIAL CAPACITIES FOR FAILURE TO STATE A CLAIM

Defendants, Kari T. Morrissey, Mary Carmack-Altwies, Andrea Reeb, Jennifer Padget Macias, and The First Judicial District Attorney's Office (collectively "State Defendants"), through their attorney Robles, Rael & Anaya, P.C. (Luis Robles), state the following for their Motion to Dismiss No. II: Plaintiff's § 1983 Claims Against the First Judicial District Attorney's Office and the Individual State Defendants in Their Official Capacities for Failure to State a Claim ("Motion to Dismiss No. II"):[1]

---

[1] The undersigned counsel did not seek concurrence from Plaintiff's counsel as they are not required to seek concurrence on this dispositive motion.

**INTRODUCTION**

This case arises from the criminal prosecution of Plaintiff, Alexander R. Baldwin III ("Baldwin"), for the October 2021 shooting death of cinematographer Halyna Hutchins on a movie set outside Santa Fe, New Mexico. The State of New Mexico charged Baldwin with the crime of involuntary manslaughter and a firearm enhancement. Instead of being guided by the search for the truth and justice, Baldwin alleges that Defendants were blinded by their desire to convict Baldwin for personal or political gain or harass him. Defendants allegedly sought to scapegoat Baldwin for the acts and omissions of others, regardless of the evidence or the law. Baldwin alleges that the individual prosecutors engaged in various forms of misconduct related to their involvement in law enforcement's investigation of the shooting incident, their statements to the media, and/or their conduct during the criminal prosecution. During the criminal trial, the presiding judge learned that the State had willfully withheld potentially exculpatory evidence. The prosecutor called herself to the stand and gave perjurious testimony in an attempt to justify her misconduct. The judge concluded there was no way for the court to right this wrong and thus dismissed the criminal case with prejudice.

Based on these allegations, Baldwin asserted a number of claims under 42 U.S.C. § 1983, the New Mexico Civil Rights Act ("NMCRA") and the New Mexico Tort Claims Act ("NMTCA"). This motion seeks the dismissal of Baldwin's § 1983 claims against the First Judicial District Attorney's Office ("FJDA") and the individual State Defendants in their official capacities because they are not "persons" that Congress made amenable to suit for damages under § 1983.

## STATEMENT OF FACTS

As allowed by D.N.M.LR-Civ. 7.1(a), State Defendants hereby incorporate by reference the Statement of Facts set forth in *Defendants Mary Carmack-Altwies and Andrea Reeb's Motion to Dismiss No. I: Plaintiff's Defamation Claim for Failure to State a Claim*, pp. 2-17 (filed October 28, 2025) [Doc. No. 7], as though fully set forth herein.

## STANDARD OF REVIEW

Motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure test the "legal sufficiency of the allegations contained within the four corners of the complaint." Jojola v. Chavez, 55 F.3d 488, 494 (10th Cir. 1995) (citation omitted). The court's objective in reviewing a motion to dismiss "is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint *alone* is legally sufficient to state a claim for which relief may be granted." Smith v. United States, 561 F.3d 1090, 1098 (10th Cir. 2009) (internal quotation marks and citation omitted, emphasis added). Thus, the question that confronts the court in a Rule 12(b)(6) motion is not whether the plaintiff will ultimately prevail but whether the allegations entitle the plaintiff to offer evidence to support his claim. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982).

As a rule, when a court reviews a motion to dismiss, it must accept all well-pleaded factual allegations as true, view those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in the plaintiff's favor. Moore v. Guthrie, 438 F.3d 1036, 1039 (10th Cir. 2006). However, this mandate applies only to a plaintiff's well-pleaded factual contentions. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A court is under no mandate to accept a

plaintiff's conclusory allegations. Id. ("[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based."). Nor is it under a mandate to "accept as true a legal conclusions couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986) (citations omitted). Although "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

Moreover, the complaint must "apprise the court of sufficient allegations to allow it to conclude, if the allegations are proved, that the claimant has a legal right to relief." Perrington Wholesale, Inc. v. Burger King Corp., 631 F.2d 1396, 1371 (10th Cir. 1979). Or, as the United States Supreme Court has phrased it, a complaint must contain sufficient factual allegations to show that the plaintiff has a plausible, not merely possible, claim for relief. Iqbal, 556 U.S. at 679. Determining whether a complaint states a plausible, as opposed to merely possible, claim for relief, is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 663. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'-'that the pleader is entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

**LEGAL ARGUMENT**

Baldwin asserts claims for monetary damages under § 1983 against all Defendants. See Complaint, ¶¶ 256-269 (First Claim for Relief) (filed Jan. 9, 2025) [Doc. No. 1-1] ("Compl."). The Defendants include the FJDA and prosecutors, Kari T. Morrissey, Mary Carmack-Altwies, Andrea Reeb and Jennifer Padget Macias, in their official capacities. See id., ¶¶ 14-17, 21. Even accepting

the Complaint's well-pleaded factual allegations as true for purposes of this motion, Baldwin's § 1983 claims against the FJDA and prosecutors in their official capacities must be dismissed with prejudice because they are not "persons" subject to suit for damages under § 1983.

The State and its agencies are not "persons" that Congress made amenable to suit for damages under § 1983. Howlett v. Rose, 496 U.S. 356, 365 (1990); see also Mt. Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1977) (state departments and agencies considered to be "arm[s] of the state" are not amenable to suit under § 1983). Specifically, "[i]t is well established that state agencies such as the District Attorney's Office are not "persons" amenable to suit within the meaning of § 1983." Abreu v. Mora-San Miguel Elec. Coop., Inc., No. CV 03-1468 RB/RHS, 2005 WL 8164395, at *3 (D.N.M. Jan. 28, 2005) (citation omitted); see also Phillips v. Rose, No. 2:24-CV-00287-KWR-GBW, 2024 WL 3342531, at *3 (D.N.M. July 9, 2024) (same), aff'd 2025 WL 1135660 (10th Cir. 2025).[2]  Further, a suit against a state employee in his or her

---

[2]   In Phillips, 2024 WL 3342531, at *3, the court stated:

> [A] district attorney's office is not a suable entity under § 1983. "Generally, governmental sub-units are not separate suable entities that may be sued under § 1983." Hinton v. Dennis, 362 F. App'x 904, 907 (10th Cir. 2010); See, e.g., Zapata v. Public Defenders Office, 252 Fed.Appx. 237, 240 (10th Cir. 2007) (upholding dismissal with prejudice of plaintiff's claim against the New Mexico Public Defender's Office on grounds that it was not a "person" amenable to suit under § 1983); Martin v. Box, No. CIV-09-192-HE, 2009 WL 1605657 at *5 (W.D. Okla. June 5, 2009) (unpublished op.) (Oklahoma District Attorney's Office is not a separate suable legal entity and does not qualify as a person subject to liability); Martin v. Box, No. CIV-09-0192-HE, 2009 WL 1605657, at *5 (W.D. Okla. June 5, 2009) ("Plaintiff cites no authority, and the undersigned knows of none, indicating that the district attorney's office was created as a separate, suable legal entity or qualifies as a "person" subject to liability under § 1983.").

official capacity is a suit against the state. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 64, 71 (1989) ("Neither a State nor its officials acting in their official capacities are 'persons' under § 1983."). Therefore, prosecutors in their official capacities are not "persons" under § 1983. See id.; see also Est. of Lagano v. Bergen Cnty. Prosecutor's Off., 769 F.3d 850, 856 (3d Cir. 2014) (state detectives and prosecutors not "persons" amenable to suit under Section 1983 for damages in their official capacities).

Here, Baldwin's Complaint asserts § 1983 claims "Against All Defendants." Compl., p. 58 (First Claim for Relief). Baldwin named the FJDA as a Defendant, acknowledging it is "a *State entity* located in Santa Fe, New Mexico." Compl., ¶ 21 (emphasis added). Baldwin also named as Defendants multiple prosecutors, Kari T. Morrissey, Mary Carmack-Altwies, Andrea Reeb, and Jennifer Padget Macias, in their official capacities. Id., ¶¶ 14-17 (asserting that suit is brought against these Defendants in their individual and official capacities).

As a State agency, the FJDA is not a "person" amenable to suit under §1983. Likewise, Baldwin's § 1983 claims against the prosecutors in their official capacities is tantamount to a suit against the state. Thus, the prosecutors in their official capacities also do not fit within the definition of "persons" amenable to suit under § 1983. Accordingly, the Court should hold that Baldwin's § 1983 claims must be dismissed with prejudice against the FJDA and prosecutors Kari T. Morrissey, Mary Carmack-Altwies, Andrea Reeb, and Jennifer Padget Macias in their official capacities.

**WHEREFORE,** State Defendants respectfully request that this Court grant their Motion to Dismiss No. II, dismiss Baldwin's § 1983 claims with prejudice against The First Judicial District Attorney's Office and Kari T. Morrissey, Mary Carmack-Altwies, Andrea Reeb, and Jennifer Padget

Macias in their official capacities, and grant all other relief this Court deems just and proper.

                Respectfully submitted,

                **ROBLES, RAEL & ANAYA, P.C.**

                By:   /s/ Luis Robles
                         Luis Robles
                         *Attorney for State Defendants*
                         500 Marquette Ave., NW, Suite 700
                         Albuquerque, New Mexico 87102
                         (505) 242-2228
                         (505) 242-1106 (facsimile)
                         luis@roblesrael.com

I hereby certify that the foregoing was electronically filed through the CM/ECF on this 29th day of October 2025, which will cause service to the following:

Lukas Nikas
Alex Spiro
Quinn Emanuel Urquhart & Sullivan, LLP
295 Fifth Avenue, 9th Floor
New York, NY 10016
(212) 849-7000
lukenikas@quinnemanuel.com
alexspiro@quinnemanuel.com

Robert M. Schwartz
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
robertschwartz@quinnemanuel.com

Sara Clark
Quinn Emanuel Urquhart & Sullivan, LLP
700 Louisiana St., Ste. 3900
Houston, TX 77002
(713) 221-7000
saraclark@quinnemanuel.com

Heather M. LeBlanc
LeBlanc Law LLC
823 Gold Ave. SW
Albuquerque, NM 87102
(505) 331-7222
heather@leblanclawnm.law

*Attorneys for Plaintiff*



 /s/ Luis Robles
Luis Robles