# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**Alexander R. Baldwin III,**

      Plaintiff,

vs.                                              Case No. CIV-25-01052 KWR/KK

**Kari T. Morrissey, Mary Carmack-Altwies,
Andrea Reeb, Jennifer Padgett Macias, The First
Judicial District Attorney's Office, Alexandria
Hancock, Marissa Poppell, Brian Brandle, and
Santa Fe County Board of County
Commissioners,**

      Defendants.

## MOTION FOR PROTECTIVE ORDER STAYING DISCOVERY PENDING THE COURT'S DISPOSITION OF STATE DEFENDANTS' MOTIONS TO DISMISS NOS. III - V WHICH COLLECTIVELY SEEK THE DISMISSAL OF PLAINTIFF'S § 1983 AND NEW MEXICO CIVIL RIGHTS ACT CLAIMS AGAINST DEFENDANTS' KARI MORRISSEY, MARY CARMACK-ALTWIES, ANDREA REEB, AND THE FIRST JUDICIAL DISTRICT ATTORNEY'S OFFICE ON THE BASIS OF ABSOLUTE PROSECUTORIAL IMMUNITY FOR THE PROSECUTORS' ACTIONS WHICH WERE TAKEN IN THEIR RESPECTIVE ROLES AS ADVOCATES AND RELATED TO THE INITIATION AND PURSUIT OF <u>THE CRIMINAL CHARGES AGAINST PLAINTIFF</u>

Defendants, Kari Morrissey, Mary Carmack-Altwies, Andrea Reeb, and the Second Judicial

District Attorney's Office ("State Defendants"), through their attorney Robles, Rael and Anaya, P.C.

(Luis Robles), and pursuant to Fed.R.Civ.P. 26(c)(1) and D.N.M.LR-Civ 37.1, state the following

for their Motion for Protective Order Staying Discovery Pending the Court's Disposition of State

Defendants' Motions to Dismiss Nos. III-IV Which Collectively Seek the Dismissal of Plaintiff's

§ 1983 and New Mexico Civil Rights Act Claims Against Defendants' Kari Morrissey, Mary

Carmack-Altwies, Andrea Reeb, and the First Judicial District Attorney's Office on the Basis of Absolute Prosecutorial Immunity For the Prosecutors' Actions Which Were Taken in Their Respective Roles as Advocates and Related to the Initiation And Pursuit of the Criminal Charges Against Plaintiff ("Motion for Protective Order"):[1]

## INTRODUCTION

This case arises from the criminal prosecution of Plaintiff Alexander R. Baldwin III ("Baldwin") for the October 2021 shooting death of cinematographer Halyna Hutchins during the rehearsal of a shootout scene on a movie set outside Santa Fe, New Mexico.  The gun Baldwin was holding for this scene was supposed to be loaded with dummy rounds.  However, a live round discharged from Baldwin's gun and struck Hutchins, traveling through her body, exiting, and then striking writer-director Joel Souza in the shoulder.  Hutchins died from her injuries.

First Judicial District Attorney Mary Carmack-Altwies ("DA Carmack-Altwies") allegedly decided to prosecute Baldwin soon after the commencement of the investigation. About ten (10) months later, DA Carmack-Altwies appointed Andrea Reeb ("Reeb"), a former Ninth Judicial District Attorney, as a special prosecutor to assist with the prosecutions of individuals believed to have criminal culpability for the shooting.  At the time of her appointment, Reeb was campaigning for elected office.  Although she appointed Reeb as a special prosecutor, DA Carmack-Altiwes stayed on as co-counsel.

---

[1]       As required by D.N.M.LR-Civ. 7.1(a), the undersigned counsel contacted Plaintiff's and County Defendants' counsel on October 29, 2025 to determine their respective clients' position on this motion.  Neither Plaintiff's counsel nor County Defendants' counsel responded, therefore this motion is presumed to be opposed.

In pertinent part, Reeb allegedly reviewed the Santa Fe County Sheriff's Office ("SFSO") report, interviewed witnesses, took proffers, and hired experts. Also, the State, through DA Carmack-Altwies and Reeb, formally filed criminal charges against Baldwin. The Complaint alleges that the State lacked probable cause to charge Baldwin and further that one of the charges violated the *ex post facto* clause.

After Reeb won the election and assumed office as a State Representative, Baldwin's counsel filed a motion to disqualify her from the case. Baldwin's motion alleged that, by serving as a special prosecutor on Baldwin's case while also serving in the State Legislature, Reeb was violating the separation of powers doctrine. Baldwin also filed a motion seeking to dismiss one of the criminal charges that allegedly violated the ex post facto clause.

Reeb conceded the *ex post facto* motion. And before the trial court ruled on the motion to disqualify, Reeb withdrew from Baldwin's case. Shortly thereafter and following a hearing at which the judge challenged her ability to remain as co-counsel alongside any prosecutor, DA Carmack-Altwies also withdrew from Baldwin's case. At approximately the same time, DA Carmack-Altwies appointed Kari Morrissey ("Morrissey") to serve as a special prosecutor to lead the State's prosecutions arising from the movie set shooting.

Initially, Morrissey dismissed the criminal charges against Baldwin without prejudice. Morrissey then hired firearms experts but allegedly did not disclose all their reports to Baldwin's counsel. She then presented the case to a grand jury in an allegedly fraudulent, misleading, and incomplete manner. Consequently, the grand jury indicted Baldwin on the crime of involuntary manslaughter. After obtaining the indictment, Morrissey allegedly continued to withhold

exculpatory evidence, violating the State's disclosure obligations and the trial court's scheduling order. During the criminal trial, the judge dismissed the case with prejudice against Baldwin, in part, because of the State's alleged disclosure violations.

Of relevance here, Baldwin asserts claims under (1) 42 U.S.C. § 1983 against DA Carmack-Altwies, Reeb and Morrissey, and (2) the New Mexico Civil Rights Act ("NMCRA"), NMSA 1978, § 41-4A-1 (2021), *et seq.*, against the First Judicial District Attorney's Office ("FJDA"). See Complaint, ¶¶ 256-269, 296-310 (First and Sixth Claims for Relief) [Doc. No. 1-1] ("Compl.").[2] The §1983 and NMCRA claims are based on the individual prosecutors' actions related to Baldwin's criminal case, including allegations that they had a role in the SFSO's criminal investigation, made statements to the media, and initiated and pursued criminal charges against Baldwin.

On October 29, , 2025, State Defendants' filed Motions to Dismiss Nos. III-V [Doc. Nos. 10, 11, and 12]. These motions do *not* seek the dismissal of Baldwin's claims to the extent they are based on the individual prosecutors' alleged participation in the SFSO's investigation or statements to the media.[3] Instead, State Defendants' Motions to Dismiss Nos. III-V seek the dismissal of Baldwin's § 1983 and NMCRA claims on the grounds of absolute prosecutorial immunity only to

---

[2]     Specifically, the following causes of action are relevant to this motion: (1) conspiracy to cause malicious prosecution and deprivation of civil rights pursuant to 42 U.S.C. § 1983 against all Defendants, which include DA Carmack-Altwies, Reeb, and Morrissey, and (2) violation of N.M. Const. art. II, §§ 4, 18, 19 pursuant to the NMCRA against the FJDA, for DA Carmack-Altwies', Reeb's and Morrissey's conduct. See Compl., ¶¶ 256-269, 296-310.

[3]     State Defendants will address the § 1983 and NMCRA claims based on the prosecutors' alleged roles in the SFSO's investigation and statements to the media role in their forthcoming summary judgment motions on the basis of qualified immunity.

the extent they are based on DA Carmack-Altwies', Reeb' and Morrissey's respective actions that were taken in their roles as advocates for the State and related to the initiation and pursuit of the criminal charges against Baldwin.

Specifically, Motion to Dismiss No. III seeks the dismissal of Baldwin's §1983 and NMCRA claims against Morrissey and the FJDA, respectively, for Morrissey's initial dismissal of the charges against Baldwin without prejudice, retention of firearms experts, alleged discovery disclosure and scheduling order violations, and preparation for and representation of the State during the grand jury proceeding and trial.  Motion to Dismiss No. IV seeks the dismissal of Baldwin's §1983 and NMCRA claims against DA Carmack-Altwies and the FJDA, respectively, for DA Carmack-Altwies' alleged decision to criminally charge Baldwin close to the beginning of the investigation, appointment of Reeb as a special prosecutor, role in filing the original Information and Amended Information against Baldwin, withdrawal from Baldwin's criminal case and appointment of Morrissey as a special prosecutor, and continued contribution of FJDA resources to assist Morrisey with the prosecution of Baldwin.  Finally, Motion to Dismiss No. V seeks the dismissal of Baldwin's §1983 and NMCRA claims against Reeb and the FJDA, respectively, for Reeb's review of the SFSO report, interview of witnesses, taking of proffers, retaining experts, and role in filing the original Information and Amended Information against Baldwin.[4]

---

[4]    In addition to Motions to Dismiss Nos. III-IV which are based on absolute prosecutorial immunity, State Defendants filed two (2) additional motions to dismiss. State Defendants' Motion to Dismiss No. I seeks the dismissal of Baldwin's defamation claim against DA Carmack-Altwies and Reeb (Fifth Claim for Relief) on the grounds that there is no applicable waiver of immunity for this tort under the New Mexico Tort Claims Act. See [Doc. No. 7] (filed October
(continued...)

In cases like this, the Federal Rules of Civil Procedure authorize this Court to stay discovery pending a decision on State Defendants' Motions to Dismiss Nos. III-V based on prosecutorial immunity. Moreover, the reasoning underlying the doctrine of absolute prosecutorial immunity likewise compels a stay of discovery. Therefore, State Defendants should be spared the burdens of discovery and litigation pending a decision on their Motions to Dismiss Nos. III-V.

## LEGAL ARGUMENT

**I.     THE FEDERAL RULES OF CIVIL PROCEDURE AUTHORIZE THIS COURT TO STAY DISCOVERY, AND THE DOCTRINE OF ABSOLUTE PROSECUTORIAL IMMUNITY COMPELS A STAY OF DISCOVERY PENDING A DECISION ON STATE DEFENDANTS' MOTIONS TO DISMISS NOS. III-IV.**

Under the Civil Justice Reform Act and the Federal Rules of Civil Procedure, the Court must attempt to secure the "just, speedy, and inexpensive" resolution of every civil case before it. See 28 U.S.C. § 471; Fed. R. Civ. P. 1. Federal Rules of Civil Procedure 26(b)(1) and (c) empower this Court with the discretion to stay discovery pending its ruling on State Defendants' dispositive motions. See Fed. R. Civ. P. 26(b)(1) and (c). Federal Rule of Civil Procedure 26(b)(1) allows this Court to enter an order limiting discovery if, for example, it determines that "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). This Court's power to limit discovery is additionally outlined in Fed. R. Civ. P. 26(c), which provides that, upon motion and for good cause shown, this Court may enter an order "forbidding the disclosure or discovery[.]"

---

[4](...continued)
28, 2025). State Defendants' Motion to Dismiss No. II seeks the dismissal of Baldwin's § 1983 claims against the FJDA and the individual prosecutors in their official capacities because they are not "persons" that Congress made amenable to suit for damages under § 1983. See [Doc. No. 9] (filed October 29, 2025).

See Fed. R. Civ. P. 26(c)(1)(A). Moreover, courts and commentators agree that Fed.R.Civ.P. 26(b) and (c) give trial courts the discretion to stay discovery pending the ruling on a motion raising dispositive legal issues. See generally, 6 James W. Moore, et al., *Moore's Federal Practice,* ¶26.105[3][c] (3d ed. 2010) (and cases cited therein); see also Clinton v. Jones, 520 U.S. 681, 706 (1997) (stating that a district court has broad discretion in deciding whether to stay proceedings incident to its power to manage its docket).

Further, certain questions, including questions of immunity, should be resolved at the earliest stages of litigation and present compelling grounds for a stay of discovery. The Supreme Court of the United States "repeatedly ha[s] stressed the importance of resolving immunity questions at the earliest possible stage in litigation." Hunter v. Bryant, 502 U.S. 224, 227 (1991) (per curiam). Additionally, in Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982), the Supreme Court recognized that "[u]ntil the threshold immunity question is resolved, discovery should not be allowed." After all, "[o]ne of the purposes of the immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out law suit." Siegert v. Gilley, 500 U.S. 226, 232 (1991), reh'g. denied, 501 U.S. 1265 (1991); see also Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (immunity is "an entitlement not to stand trial or face the other burdens of litigation."); Behrens v. Pelletier, 516 U.S. 299, 308 (1996) (acknowledging that discovery can be particularly disruptive when a dispositive motion regarding immunity is pending.); Moore v. Busby, 92 F. App'x 699, 702 (10th Cir. 2004) (affirming district court's stay of discovery pending resolution of defendant's motion to dismiss on the basis of absolute judicial immunity because "the district court properly decided the threshold question of immunity

prior to permitting discovery.").

A stay of all discovery proceedings pending decision on State Defendants' Motions to Dismiss Nos. III-V should be entered because, not only is it proper, but it is in keeping with the standard policy of this District. See, e.g., King v. Benford, No. CV 10-828 JH/LFG, 2010 WL 11618918, at *4 (D.N.M. Dec. 7, 2010) (stating that the defendant, an assistant district attorney, "is a government official performing discretionary functions and is entitled to assert prosecutorial immunity and qualified immunity as affirmative defenses" and "[o]nce the defense is before the Court by way of motion, as it is now, all discovery must be stayed."); Caputo v. Rio Rancho Police Dep't, No. CIV 05-321 JB/DJS, 2006 WL 4063018, at **1, 2 (D.N.M. June 30, 2006) (granting, in relevant part, the Sandoval County District Attorney's motion to stay discovery pending a ruling on his motion to dismiss on the grounds of absolute prosecutorial immunity, explaining that "[b]oth the Supreme Court and the Tenth Circuit have counseled that immunity issues should be resolved at the earliest possible stage of litigation because immunity protects against the burdens of discovery as well as trial."); Bonadeo v. Lujan, No. CIV 08-812 JCH/ACT, 2008 WL 11450715, at *2 (D.N.M. Oct. 30, 2008) (granting motion to stay discovery pending ruling on State Defendants' motion to dismiss based on absolute or qualified immunity, stating they "are entitled by law to a stay of discovery until the Court resolve the immunity issues."); see also, e.g., Higgins v. Saavedra, No. 1:17-CV-00234-WPL-LF, 2017 WL 1437317, at *1 (D.N.M. Apr. 21, 2017) ("Standard practice in this District is to stay discovery–as to all defendants–when the defense of qualified immunity has been raised."); Silversmith v. Martin, No. Civ. 20-566 WJ/GJF, 2021 WL 1200602 at *2 (D.N.M. March 30, 2021) ("The Court is unpersuaded that this case should be excluded from the general rule

that, when a defendant files a motion asserting the defense of qualified immunity, he is entitled to

a stay of discovery."); <u>Taylor v. Haynes Burns</u>, No. CV 13-15 JCH/GBW, 2013 WL 12330003, at

*2 (D.N.M. May 2, 2013) ("The Court sees no reason why this case should be excluded from the

general rule that, when a defendant files a motion asserting the defense of qualified immunity, he is

entitled to a stay of discovery.").  Indeed, this District has recognized that, where a defendant party

seeks a stay of discovery pending determination of an immunity motion,  a response is unnecessary

"because the law in this area is so clear[.]" <u>Francomano v. Univ. of N.M.</u>  No. Civ. 03-1211 JP/RHS,

slip op. at 1 (D.N.M. June 23, 2004) [Doc. No. 24] (citing <u>Ransom v. Albuquerque Police Dep't</u>, No.

CV 01-822 RLP/LFG, 2001 WL 37124901, at *1 (D.N.M. Sept. 27, 2001) ("Because the law in this

area is so clear, a response is unnecessary.").

## CONCLUSION

Questions of immunity should be resolved at the earliest stages of litigation and present

compelling grounds for a stay of discovery. Therefore, the Court should grant State Defendants'

Motion for Protective Order.

**WHEREFORE**, State Defendants respectfully request that this Court grant their Motion for

Protective Order as follows:

A.    Stay all discovery until the Court rules on State Defendants' Motions to Dismiss Nos.

III-V (filed October 29, 2025) [Doc. Nos. 10, 11, and 12]; and

B.    Order all other relief this Court deems just and proper.

Respectfully submitted,

**ROBLES, RAEL & ANAYA, P.C.**

By:    /s/ Luis Robles
       Luis Robles
       *Attorney for State Defendants*
       500 Marquette Ave., NW, Suite 700
       Albuquerque, New Mexico 87102
       (505) 242-2228
       (505) 242-1106 (facsimile)
       luis@roblesrael.com

I hereby certify that the foregoing was
electronically filed through the CM/ECF
on this 31st day of October 2025, which will
cause service to the following:

Lukas Nikas
Alex Spiro
Quinn Emanuel Urquhart & Sullivan, LLP
295 Fifth Avenue, 9th Floor
New York, NY 10016
(212) 849-7000
lukenikas@quinnemanuel.com
alexspiro@quinnemanuel.com

Robert M. Schwartz
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
robertschwartz@quinnemanuel.com

Sara Clark
Quinn Emanuel Urquhart & Sullivan, LLP
700 Louisiana St., Ste. 3900
Houston, TX 77002
(713) 221-7000
saraclark@quinnemanuel.com

10

Heather M. LeBlanc
LeBlanc Law LLC
823 Gold Ave. SW
Albuquerque, NM 87102
(505) 331-7222
heather@leblanclawnm.law

*Attorneys for Plaintiff*


 /s/ Luis Robles
Luis Robles