UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

Alexander R. Baldwin III,

    Plaintiff,

vs.                                                      Case No. CIV-25-01052 KWR/KK

Kari T. Morrissey, Mary Carmack-Altwies,
Andrea Reeb, Jennifer Padgett Macias, The First
Judicial District Attorney's Office, Alexandria
Hancock, Marissa Poppell, Brian Brandle, and
Santa Fe County Board of County
Commissioners,

    Defendants.

## ANSWER TO COMPLAINT (DOC. 1)

Defendants Alexandria Hancock, Marissa Poppell, Brian Brandle and Santa Fe County Board of County Commissioners ("County Defendants") by and through their counsel Long, Komer & Associates, P.A. (Mark E. Komer) answer Plaintiff's Complaint filed January 9, 2025 (Doc. 1) as follows. All allegations not expressly admitted are denied.

### INTRODUCTION

1.    Paragraph 1 of the Complaint states a legal argument and conclusion for which no response is required; it is otherwise denied.

2.    County Defendants deny the allegations of Paragraphs 2, 3, 4, 5, 6, 7 and 8 of the Complaint.

## JURISDICTION AND VENUE

3. County Defendants admit the allegations of Paragraph 9 of the Complaint.

4. Paragraph 10 concerns allegations that are no longer material following removal to this Court, which has subject matter jurisdiction.

5. Paragraph 11 of the Complaint states a legal conclusion for which no response is required; it is otherwise denied.

6. Paragraph 12 concerns allegations that are no longer material following removal to this Court, which has subject matter jurisdiction. County Defendants also admit that venue is proper in this District.

## PARTIES

7. County Defendants are without sufficient knowledge or information to form a belief as to the allegations contained in Paragraphs 13, 14, 15, 16 and 17 of the Complaint, and therefore deny them and give Plaintiff notice that he will have the burden of proving them.

8. County Defendants admit the allegations of Paragraphs 18, 19 and 20 of the Complaint and that Plaintiff's Complaint purports to assert individual capacity clams. Defendants deny that Plaintiff's Complaint asserts official capacity claims.

9. The allegations of Paragraph 21 appear to relate to a different defendant and require no response from this Defendant. To the extent a response is

required, County Defendants deny them to give notice to Plaintiff that he will have the burden of proving them.

10. As to the allegations of Paragraph 22 of the Complaint, County Defendants admit that Defendant Santa Fe County Board of County Commissioners is the County's governing authority. The remaining allegations of Paragraph 22 state legal arguments and conclusions requiring no response from Defendants. They are otherwise denied, and Defendants give notice to Plaintiff that he will have the burden of proving them.

11. County Defendants deny the allegations of Paragraph 23 of the Complaint.

12. County Defendants are without sufficient knowledge or information to respond to the allegations contained in Paragraphs 24 through 62 and therefore deny them to give Plaintiff notice that he will have the burden of proving them.

13. County Defendants deny the allegations of Paragraphs 63 through 97 to the extent they purport to characterize these Defendants' intent, motives or legal obligations and otherwise deny that any facts alleged give rise to liability.

14. Paragraphs 98 through 169 of the Complaint are directed at parties and individuals other than County Defendants, and therefore no response is required. To the extent a response is required, County Defendants lack sufficient information to admit or deny the allegations contained in Paragraphs 98 through 169 of the Complaint; they therefore deny the same to give notice to the Plaintiff that he will have the burden of proving them.

15. Paragraphs 170 through 176 of the Complaint are directed at parties and individuals other than County Defendants, and therefore no response is required. To the extent a response is required, County Defendants deny the allegations to the extent they purport to characterize the Defendants' intent, motives or legal obligations and otherwise deny that any facts alleged give rise to liability.

16. County Defendants deny the allegations of Paragraphs 177 through 236 to the extent they purport to characterize these Defendants' intent, motives or legal obligations and otherwise deny that any facts alleged give rise to liability.

17. County Defendants deny the allegations of Paragraphs 237 through 241 to the extent they purport to characterize these Defendants' intent, motives or legal obligations and otherwise deny that any facts alleged give rise to liability.

18. County Defendants deny the allegations of Paragraphs 242 of the Complaint.

19. Paragraphs 243 and 244 of the Complaint are directed at parties and individuals other than County Defendants, and therefore no response is required. To the extent a response is required, County Defendants lack sufficient information to admit or deny the allegations contained in Paragraphs 243 and 244 of the Complaint; they therefore deny the same to give notice to the Plaintiff that he will have the burden of proving them.

20. In response to the allegations of Paragraph 245 of the Complaint, County Defendants state that any testimony in open court speaks for itself. County

Defendants deny the allegations of Paragraph 245 to the extent they purport to characterize these Defendants' intent, motives or legal obligations and otherwise deny that any facts alleged give rise to liability.

21. In response to the allegations of Paragraph 246 of the Complaint, County Defendants state that any testimony in open court speaks for itself. County Defendants deny the allegations of Paragraph 246 to the extent they purport to characterize these Defendants' intent, motives or legal obligations and otherwise deny any facts alleged give rise to liability.

22. The allegations of Paragraph 247 of the Complaint are directed at parties and individuals other than County Defendants, and therefore no response is required. To the extent a response is required, County Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 247 of the Complaint; they therefore deny the same to give notice to the Plaintiff that he will have the burden of proving them.

23. In response to the allegations of Paragraph 248 of the Complaint, County Defendants state that any testimony in open court speaks for itself. County Defendants deny the allegations of Paragraph 248 to the extent they purport to characterize these Defendants' intent, motives or legal obligations and otherwise deny that any facts alleged give rise to liability.

24. County Defendants deny the allegations of Paragraph 249 of the Complaint

25.  Paragraphs 250 through 254 of the Complaint are directed at parties and individuals other than County Defendants, and therefore no response is required. County Defendants deny the allegations of Paragraphs 250 through 254 to the extent they purport to characterize these Defendants' intent, motives or legal obligations and otherwise deny that any facts alleged give rise to liability.

26.  County Defendants deny the allegations of Paragraph 255 of the Complaint

### FIRST CLAIM FOR RELIEF
### For Violation of Rights Under 42 U.S.C. § 1983
### Conspiracy to Cause Malicious Prosecution and Deprivation of Civil Rights
### Against All Defendants

27.  In response to Paragraph 256 of the Complaint, County Defendants incorporate their answers to all preceding paragraphs, as though fully set forth herein.

28.  The allegations of Paragraph 257 state legal arguments and conclusions requiring no response from County Defendants. They are otherwise denied.

29.  The allegations of Paragraph 258 (a), (c), (d), (e), (f) and (g) of the Complaint state legal arguments and conclusions concerning other parties and require no response from County Defendants. County Defendants deny the allegations of Paragraph 258 (a), (c), (d), (e), (f) and (g) to the extent they purport to characterize the Defendants' intent, motives or legal obligations and otherwise deny that any facts alleged give rise to liability. County Defendants deny the allegations of Paragraph 258 (b) and (h).

30. County Defendants deny the allegations of Paragraphs 259 and 260 of the Complaint.

31. The allegations of Paragraph 261, 262 and 263 of the Complaint state legal arguments and conclusions requiring no response from County Defendants. They are otherwise denied.

32. County Defendants deny the allegations of Paragraphs 264 and 265 of the Complaint.

33. In response to the allegations of Paragraph 266 of the Complaint, County Defendants state that the trial court's order speaks for itself but deny that the allegations of Paragraph 266 fully or accurately describe the full substance of the order. County Defendants deny the allegations of Paragraph 266 to the extent they purport to characterize these Defendants' intent, motives or legal obligations and otherwise deny that any facts alleged give rise to liability.

34. County Defendants deny the allegations of Paragraphs 267, 268 and 269 of the Complaint.

**SECOND CLAIM FOR RELIEF**
**for Violation of Rights under 42 U.S.C. § 1983**
**Suppression of Evidence and Deprivation of Civil Rights**
**Against Defendants Hancock, Poppell, and Brandle**

35. In response to Paragraph 270 of the Complaint, County Defendants incorporate their answers to all preceding paragraphs, as though fully set forth herein.

36. County Defendants deny the allegations of Paragraphs 271 through 276 of the Complaint.

### THIRD CLAIM FOR RELIEF
### Malicious Abuse of Process
### Against Defendants Hancock, Poppell, Brandle, and the County

37. In response to Paragraph 277 of the Complaint, County Defendants incorporate their answers to all preceding paragraphs, as though fully set forth herein.

38. County Defendants deny the allegations of Paragraphs 278 through 281 of the Complaint.

### FOURTH CLAIM FOR RELIEF
### Intentional Spoliation of Evidence
### Against Defendants Hancock, Poppell, Commissioners, and the County

39. In response to Paragraph 282 of the Complaint, County Defendants incorporate their answers to all preceding paragraphs, as though fully set forth herein.

40. County Defendants deny the allegations of Paragraphs 283 through 288 of the Complaint.

### FIFTH CLAIM FOR RELIEF
### Defamation Per Se
### Against Defendants Carmack-Altwies and Reeb

41. In response to Paragraph 289 of the Complaint, County Defendants incorporate their answers to all preceding paragraphs, as though fully set forth herein.

42. Paragraphs 290 through 295 of the Complaint are directed at parties other than County Defendants, and therefore, no response is required. To the extent a response is required, County Defendants lack sufficient information to admit or

deny the allegations contained in Paragraphs 290 through 295 of the Complaint and therefore deny the same to give notice to the Plaintiff that he will have the burden of proving them.

### SIXTH CLAIM FOR RELIEF
### For Violation of the New Mexico Civil Rights Act
### Deprivation of Civil Rights in Violation of N.M. Const. art. II, §§ 4, 18, and 19
### Against FJDA, Commissioners, and the County

43. In response to Paragraph 296 of the Complaint, County Defendants incorporate their answers to all preceding paragraphs, as though fully set forth herein.

44. County Defendants deny the allegations of Paragraphs 297 through 303.

45. The allegations of Paragraph 304 through 307 state legal arguments and conclusions concerning other parties and require no response from County Defendants. They are otherwise denied.

46. County Defendants deny the allegations of Paragraphs 308 through 310 of the Complaint.

### PRAYER FOR RELIEF

County Defendants deny that Plaintiff is entitled to any of the relief contained in the Prayer for Relief.

### AFFIRMATIVE DEFENSES

1. County Defendants are entitled to qualified immunity from Plaintiff's claims.

2. County Defendants are entitled to absolute immunity from Plaintiff's claims.

3. The Complaint fails to state a claim for which relief can be granted.

4. Plaintiff's injuries and damages were the result of Plaintiff's conduct or negligence, or the conduct or negligence of other parties, thereby barring the relief requested or reducing it some percentage extent depending upon the degree of fault apportioned to Plaintiff or other parties pursuant to the rules of pure comparative negligence adopted by the State of New Mexico.

5. Plaintiff's Complaint for damages is barred or limited pursuant to the New Mexico Tort Claims Act, NMSA 1978, §§ 41-4-1 to 27.

6. Plaintiff's Complaint for damages is barred or limited pursuant to the New Mexico Civil Rights Act, NMSA 1978, §§ 41-4A-1 to 13.

7. Plaintiff failed to provide timely notice under § 41-4-16 and § 41-4A-13 barring certain claims under the New Mexico Tort Claims Act and New Mexico Civil Rights Act.

8. Plaintiff has failed to mitigate damages thereby barring or reducing any recovery.

9. Plaintiff's claims are barred by the doctrines of waiver and estoppel.

10. The damages claimed in the Complaint are barred and/or should be reduced as the claimed damages are the result of unforeseeable circumstances not reasonably expected by these Defendants.

11. Plaintiff's claims are barred by the doctrine of independent intervening cause.

12. Plaintiff's claims are barred because the conduct of these Defendants was not a substantial factor or material cause or the legal cause of the Plaintiff's claimed damages or injuries.

13. County Defendants did not breach any duty owed to Plaintiff.

14. County Defendants' actions were objectively reasonable under the circumstances.

15. County Defendants acted in good faith reliance on policy, legally valid orders, or their training and experience.

16. Defendants are entitled to qualified immunity because Plaintiff has not alleged facts showing the violation of a constitutional right that was clearly established at the time of the alleged conduct.

17. The existence of probable cause defeats Plaintiff's claims for malicious prosecution and related Fourth Amendment violations.

18. The decision to file charges and continue prosecution was made by an independent prosecutor.

19. Plaintiff cannot establish that the underlying criminal proceedings terminated in a manner affirmatively indicating innocence as required under applicable law.

20. Plaintiff's conspiracy claim is barred because Defendants were members of the same governmental entity acting within the scope of their employment.

21. Plaintiff fails to plead specific facts showing agreement and concerted action.

22. To the extent Defendants performed functions intimately associated with the judicial process, they are entitled to absolute immunity.

23. Defendants acted in good-faith reliance on warrants, judicial determination, and prosecutorial advice.

24. Absent an underlying constitutional violation, municipal liability cannot lie under *Monell.*

25. Plaintiff fails to allege a policy, practice, or custom sufficient to impose liability under *Monell.*

26. Plaintiff is not entitled to monetary relief pursuant to his official capacity claims against individual defendants; such claims are also duplicative of those against the County.

27. Plaintiff's claims based on *Brady v. Maryland* fail as a matter of law because Plaintiff was not convicted of a crime

28. There is no cognizable *Brady*-based due process injury.

29. County Defendants reserve the right to plead additional defenses as may be revealed through discovery.

WHEREFORE, County Defendants ask the Court to dismiss the Complaint against them with prejudice, enter judgment for these Defendants, award them their costs in answering the Complaint and for all other appropriate relief.

                         LONG, KOMER & ASSOCIATES, P.A.

*Attorneys for County Defendants*

                  */s/ Mark E. Komer*
                  Mark E. Komer
                  P. O. Box 5098
                  Santa Fe, NM  87502-5098
                  505-982-8405
                  mark@longkomer.com
                  email@longkomer.com

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on this 13th day of January 2026, I filed the foregoing **Answer to Complaint** electronically through CMECF, which caused the following counsel to be served electronically:

Heather M. LeBlanc
heather@leblanclawnm.law

Luke Nikas
Alex Spiro
lukenikas@quinnemanuel.com
alexspiro@quinnemanuel.com

Sara Clark
saraclark@quinnemanuel.com

Robert M. Schwartz
robertschwartz@quinnemanuel.com

*Attorneys for Plaintiff*

Luis Robles
luis@roblesrael.com

*Attorneys for State Defendants*

                  */s/ Mark E. Komer*
                  Mark E. Komer