FILED 1st JUDICIAL DISTRICT COURT
Santa Fe County
3/16/2026 4:19 PM
KATHLEEN VIGIL CLERK OF THE COURT
Miquella M Martinez

**STATE OF NEW MEXICO**
**COUNTY OF SANTA FE**
**FIRST JUDICIAL DISTRICT**

**ANDREA ROMERO, in her capacity**
**As the Personal Representative of the Wrongful**
**Death Estate of RICKY RENOVA,**

**Plaintiff,**

**v.** **Case No. D-101-cv-2024-01042**

**NEW MEXICO CHILDREN, YOUTH & FAMILIES DEPARTMENT, NEW MEXICO DEPARTMENT OF HEALTH, 505 INSURANCE COMPANY D/B/A BLUE CROSS AND BLUE SHIELD OF NEW MEXICO, and DESIREE RICHINS,**

**Defendants.**

**ORDER GRANTING DEFENDANT NEW MEXICO DEPARTMENT OF HEALTH'S AND NEW MEXICO CHILDREN, YOUTH & FAMILIES DEPARTMENT'S MOTIONS FOR JUDGMENT ON THE PLEADINGS ON COUNT II**

THIS MATTER comes before the Court on the Motions for Judgment on the Pleadings filed by Defendants New Mexico Department of Health ("DOH") and New Mexico Children, Youth & Families Department ("CYFD") (collectively, "State Defendants") as to Count II of Plaintiff's Third Amended Complaint ("Complaint"). The Court, having reviewed the parties' written submissions and cited authorities, considered the arguments of counsel at oral argument, and being otherwise fully advised in the premises, finds and concludes as follows:

1. Plaintiff asserts constitutional claims arising from the death of Ricky Renova against the State Defendants, including Count II of the Complaint, which seeks relief under Article II, Section 4 of the New Mexico Constitution through the New Mexico Civil Rights Act ("NMCRA").



Exhibit A

2. DOH and CYFD moved for judgment on the pleadings pursuant to Rule 1-012(C) NMRA, arguing that Plaintiff failed to state a claim upon which relief can be granted because Article II, Section 4 of the New Mexico Constitution does not create an independent cause of action and Plaintiff has not alleged a cognizable constitutional deprivation.
3. In resolving a motion for judgment on the pleadings, the Court accepts well-pleaded factual allegations as true and determines only whether the Complaint states a legally viable claim.
4. Count II relies on the Inherent Rights Clause of Article II, Section 4 of the New Mexico Constitution. However, the Inherent Rights Clause has never been recognized as creating an independent cause of action or as a source of constitutional rights.
5. *California First Bank v. State*, 1990-NMSC-106, ¶ 45, and *Morris v. Brandenburg*, 2016-NMSC-027, ¶¶ 49-51, do not explicitly state that the Inherent Rights Clause is enforceable as an independent cause of action. Instead, the Inherent Rights Clause may be used as a guiding principle or interpretative lens when evaluating other constitutional provisions. *Morris v. Brandenburg*, 2016-NMSC-027, ¶¶ 49-51.
6. Accordingly, Plaintiff's attempt to assert Count II as a separate constitutional claim under Article II, Section 4 fails as a matter of law.
7. Even if Article II, Section 4 could support a claim in some circumstances, Plaintiff has not alleged facts establishing a constitutional deprivation attributable to the State Defendants.
8. The Complaint alleges failures by the State Defendants to ensure compliance with statutory duties associated with Plans of Safe Care under the federal Comprehensive Addiction and Recovery Act ("CARA"). However, failure to comply with statutory duties under the Comprehensive Addiction and Recovery Act ("CARA") does not constitute a constitutional mandate and therefore does not give rise to a constitutional violation.

9. The Complaint further alleges that harm to Ricky Renova resulted from conduct of third-party private actors rather than affirmative state action.
10. Under the allegations of the Complaint, the State Defendants did not have custody of the child, did not directly cause the harm, and did not create or enhance a danger to the child.
11. Because the Complaint does not allege facts establishing the deprivation of a cognizable constitutional right attributable to the State Defendants, Plaintiff fails to state a claim under the New Mexico Civil Rights Act, and Count II must be dismissed with prejudice.
12. The Court therefore concludes that the two Motions for Judgment on the Pleadings as to Count II are well-taken.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT** Defendants Department of Health and the Children, Youth, and Families Department's Motions for Judgment on the Pleadings as to Count II are therefore **GRANTED WITH PREJUDICE** and Count II is dismissed with prejudice as against Defendants Department of Health and Children, Youth, and Families Department.

**IT IS FURTHER ORDERED** that because Counts I and II were the only claims asserted against Defendants New Mexico Department of Health and New Mexico Children, Youth & Families Department - Count I having previously been dismissed with prejudice as to DOH on January 28, 2026 and dismissed with prejudice as to CYFD on February 19, 2026 - those Defendants are dismissed from this action with prejudice.

**IT IS SO ORDERED.**

**THE HONORABLE MATTHEW WILSON**

By ______________________ 3-16-2026

Submitted by:

PARK & ASSOCIATES, LLC

*/s/ Taylor M. Lueras*
Alfred A. Park
Taylor M. Lueras
3840 Masthead Street, NE
Albuquerque, NM 87109
505-246-2805
apark@parklawnm.com
tlueras@parklawnm.com
*Counsel for NM DOH*

Approved by:

LAW OFFICE OF MICHAEL DICKMAN

*Electronically approved 3/10/26*
Michael J. Dickman
P.O. Box 549
Santa Fe, NM 87504
Telephone: (505) 310-2319
mikedickman@yahoo.com
*Attorney for Defendant New Mexico*
*Children, Youth & Families Department*

PEIFER, HANSON, MULLINS & BAKER, P.A.

*Electronically approved by Matthew M. Beck 3/11/26*
Mark T. Baker
Matthew M. Beck
20 First Plaza, Suite 725
Albuquerque, New Mexico 87102
Tel: (505) 247-4800
Email: mbaker@peiferlaw.com
mbeck@peiferlaw.com
*Attorneys for Plaintiff*

SUTIN, THAYER & BROWNE

*Electronically Approved by Saheli Chakrabarty 3/13/26*
Christina M. Gooch
P. O. Box 1945
Albuquerque, NM 87103-1945
Telephone: (505) 883-2500

tmg@sutinfirm.com

Saheli Chakrabarty (*pro hac vice*)
Crowell & Moring, LLP
9735 Carnegie Dr.
Dallas, TX 75228
schakrabarty@crowell.com

Amir Shlesinger (*pro hac vice*)
Crowell & Moring, LLP
515 Flower St., 41st Floor
Los Angeles, CA 90071
ashlesinger@crowell.com
*Attorneys for Defendants HCSC Insurance Services Company and Desiree Richins*